**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION AT COLUMBUS**

| | | |
|---|---|---|
| KENNETH TYRONE COOK, | : | Case No. 2:25-cv-1210 |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | District Judge Algenon L. Marbley |
| | : | Magistrate Judge Kimberly A. Jolson |
| | : | |
| CENTRAL PHARMACY INPATIENT, *et al*., | : | |
| | : | |
| | : | |
| Defendants. | : | |

**REPORT AND RECOMMENDATION**

Plaintiff, an inmate at the Southern Ohio Correctional Facility (SOCF), filed a pro se civil rights Complaint under 42 U.S.C. § 1983 against Defendants Central Pharmacy Inpatient and SOCF Medical Administrator B. Goodman.  (Doc. 2).  By separate Order, Plaintiff has been granted leave to proceed *in forma pauperis*.  *See* 28 U.S.C. § 1915.

This matter is before the Court for a s*ua sponte* review of the Complaint to determine whether the Complaint or any portion of it should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B); 1915A(b).

**I.      STANDARD**

Because Plaintiff is a prisoner, and is proceeding *in forma pauperis*, the Court must dismiss the Complaint, or any part of it, that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B) & § 1915A(b).  Complaints by *pro se* litigants are to be

construed liberally and held to less stringent standards than those prepared by attorneys. *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004). But this leniency is not boundless, and "it is not within the purview of the district court to conjure up claims never presented." *Frengler v. Gen. Motors*, 482 F. App'x 975, 977 (6th Cir. 2012).

In reviewing Plaintiff's Amended Complaint at this stage, the Court must construe it in his favor, accept all well-pleaded factual allegations as true, and evaluate whether it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). But the Court is not required to accept factual allegations that are "clearly irrational or wholly incredible." *Ruiz v. Hofbauer*, 325 F. App'x 427, 429–30 (6th Cir. 2009). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Although "detailed factual allegations" are not required, the Court must dismiss the Amended Complaint "if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 662 (internal quotation and quotation marks omitted). In the end, "basic pleading essentials" are still required. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

## II.     COMPLAINT

Plaintiff's claims arise out of events alleged to have occurred following his surgery for a perforated left eardrum in 2022/2023. (Doc. 2 at 5). As a matter of background, Plaintiff states that immediately following the surgery, he had an ear infection. (*Id.*). According to Plaintiff, the ear, nose, and throat specialist (ENT) prescribed him several medications to clear up the infection. (*Id.*).

2

On April 18, 2024, SOCF Nurse Practitioner David Conley gave Plaintiff instructions on how to use the ear drops prescribed by the ENT.  (*Id.*).  Plaintiff states that, after using the medication, his ear felt like it was on fire.  (*Id.*).  But at the time, Plaintiff thought that meant the medication was working.  (*Id.*).

Three days later, Plaintiff told a nurse passing out medications in his housing unit that his ear was burning and that the ear drops he used expired in January 2021.  (*Id.*).  The nurse allegedly laughed and told him to fill out a sick-call form.  (*Id.*).  Plaintiff filed an informal complaint about the expired ear drops and the conduct of the nurse.  (*Id.*).

On April 25, Plaintiff was seen by an unidentified nurse practitioner who noticed that the inside of Plaintiff's ear was swollen.  (*Id.*).  Plaintiff was rushed to the hospital and placed on an IV to flush the ear drops out of his system.  (*Id.*).  According to Plaintiff, he remained in the hospital for five weeks.  (*Id.* at 6).  During that time, he broke out in hives from his neck to his feet.  (*Id.*).  Plaintiff states his skin is now permanently scarred and his left ear is permanently damaged.  (*Id.*).

When Plaintiff returned to SOCF on May 30, he allegedly received a response by Defendant Goodman to his informal complaint.  (*Id.*).  In the response, Goodman said the ear drops he received were given to him out of the SOCF stock room and could not have been expired because Defendant Central Pharmacy Inpatient sends a pharmacy "tech" to SOCF every month to inventory and remove any expired medications.  (*Id.*).  Goodman also said that Plaintiff had not received inadequate care, citing prison policy 68-MED-01 and Protocol A2.35.  (*Id.*).

Plaintiff disputes Goodman's response.  (*Id.*).  Plaintiff asserts that the January 2021 expiration date was on the box of ear drops.  (*Id.*).  He further states that the ENT who has

3

treated him since his return to SOCF on May 30, stated that Plaintiff's ear drum is permanently damaged because of the expired medication. (*Id*.).

Plaintiff alleges that he submitted another informal complaint on May 25, 2025, about the above events and the alleged improper conduct of the "nursing staff." (*Id*. at 7). Goodman allegedly again responded that Central Pharmacy Inpatient sends a pharmacy tech each month and further suggested that the only way Plaintiff could have received expired eardrops was through contraband. (*Id*.).

As a result, Plaintiff seeks damages and injunctive relief. (*Id*. at 8).

## III.  ANALYSIS

Based on the above allegations, Plaintiff claims he received inadequate medical care at SOCF and was subjected to deliberate indifference. (*Id*. at 8). His claims implicate the Eighth Amendment. The Eighth Amendment prohibits "cruel and unusual punishments[,]" U.S. Const. amend. VIII, which "includes a right to be free from deliberate indifference to an inmate's serious medical needs." *Greene v. Crawford Cty., Michigan*, 22 F.4th 593, 605 (6th Cir. 2022) (quoting *Brawner v. Scott Cty., Tennessee*, 14 F.4th 585, 591 (6th Cir. 2021)). For the reasons below, however, the Court finds that Plaintiff's Complaint fails to state a plausible claim against Defendants and should be dismissed. 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

### A.  The Unnamed Defendants Should Be Dismissed.

As an initial matter, in the body of the Complaint, Plaintiff describes actions allegedly taken by Nurse Practitioner Conley, as well as by unidentified nurses and a pharmacy tech. But none of these individuals are named as Defendants. Because these individuals are not named as Defendants, and thus are not parties to this case, the Court declines to analyze Plaintiff's

4

statements with respect to them and recommends that any purported claims against them be dismissed. *See Chapple v. Franklin Cty.*, No. 2:21-cv-5086, 2022 WL 856815, at *16 (S.D. Ohio Mar. 23, 2022), *report and recommendation adopted as modified sub nom. Chapple v. Franklin Cty. Sheriff's Officers FCCC 1 & 2*, No. 2:21-cv-5086, 2022 WL 16734656 (S.D. Ohio Nov. 7, 2022).

### B. Plaintiff's Claims against Defendant Central Pharmacy Inpatient Should Be Dismissed.

Next, the Court considers Plaintiff's claims against Defendant Central Pharmacy Inpatient. To begin, it does not appear that Central Pharmacy Inpatient is a proper defendant. It is well settled that a § 1983 claim must be directed at a "person." *See Anderson v. Morgan Cty. Corr. Complex*, No. 15-6344, 2016 WL 9402910, at *1 (6th Cir. Sept. 21, 2016) (citing *Flagg Bros. v. Brooks*, 436 U.S. 149, 155–57 (1978)). The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). As applicable here, this Court has previously found that Central Pharmacy Inpatient is an arm of the Ohio Department of Mental Health and Addiction Services, now known as the Department of Behavioral Health (DBH). *See Hill v. Ohio Dep't of Mental Health & Addiction Servs.*, No. 2:21-CV-4141, 2024 WL 495525, at *1 (S.D. Ohio Feb. 8, 2024) (noting that Central Pharmacy Inpatient is a division of the state agency's Ohio Pharmacy Services). *See also https://dbh.ohio.gov/know-our-programs-and-services/ohio-pharmacy-services-site-area/central-pharmacy-inpatient* (describing the role of Central Pharmacy Inpatient within the DBH). If an arm of the state, Central Pharmacy Inpatient is not a person under § 1983 and is entitled to Eleventh Amendment immunity from suit. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100–01 (1983).

5

Similarly, to the extent that Plaintiff asserts in the Complaint that unspecified nursing or medical "staff" at SOCF violated his rights (*see* Doc. 2 at 8–8), a prison medical department or staff is also not a "person" for purposes of § 1983. *See Hix v. Tenn. Dept. of Corr.*, 196 F. App'x 350, 355 (6th Cir. 2006) (citing cases).

Moreover, even if Plaintiff could establish that Defendant Central Pharmacy Inpatient is not entitled to sovereign immunity and could be considered a person under § 1983, he has failed to allege a plausible Eighth Amendment claim against it. Central Pharmacy Inpatient's potential liability under § 1983 must be based on more than *respondeat superior* or vicarious liability. *See Monell v. Dep't of Social Serv.,* 436 U.S. 658, 692–93 (1978). "Section 1983 liability may be established against a non-governmental entity or private corporation only when a plaintiff shows that the injury resulted from a policy, practice or custom of *that* entity or corporation." *Carter v. Lake Cty.*, No. 1:15-CV-37, 2017 WL 2720329, at *2 (N.D. Ohio June 23, 2017) (citing *Jones v. Correctional Medical Services, Inc.*, 845 F.Supp.2d 824, 834 (W.D. Mich. 2012) (emphasis original)).

The only policy alleged here is that Central Pharmacy Inpatient "sends a pharmacy tech to S.O.C.F. every month to do inventory & remove any expired medication." (Doc. 2 at 6). Plaintiff does not allege that such a policy caused his injuries or that adherence to such a policy demonstrates deliberate indifference to the serious medical needs of prisoners at SOCF. *See Greene*, 22 F.4th at 605. Nor does Plaintiff allege a pattern of expired medications being administered to inmates at SOCF. A "plaintiff bears a heavy burden in proving municipal liability, and he cannot rely solely on a single instance to infer a policy of deliberate indifference." *Thomas v. City of Chattanooga*, 398 F.3d 426, 433 (6th Cir. 2005). Because

6

Plaintiff fails to allege that a Central Pharmacy Inpatient custom, practice, or policy caused his injuries, he has failed to state a plausible Eighth Amendment claim against this Defendant. *See MacConnell v. Naphcare, Inc.*, No. 3:13-CV-34, 2013 WL 5236616, at *3 (S.D. Ohio Sept. 17, 2013).

Accordingly, Plaintiff's Eighth Amendment claims against Defendant Central Pharmacy Inpatient should be dismissed.

### C.      Plaintiff's Claims against Defendant Goodman Should Be Dismissed.

Nor has Plaintiff stated an Eighth Amendment claim against Defendant Goodman. Plaintiff's only allegations against Defendant Goodman are that she improperly denied his informal complaints. (Doc. 2 at 5–6). But a plaintiff fails to state a claim for relief under § 1983 where his only allegation against a defendant is that his grievances were denied and/or mishandled. This is because "[p]rison inmates do not have a constitutionally protected right to a grievance procedure." *Miller v. Haines*, No. 97-3416, 1998 WL 476247, at *1 (6th Cir. Aug. 3, 1998) (citations omitted); *see also Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008) (finding the "denial of administrative grievances or the failure to act by prison officials does not subject supervisors to liability under § 1983"). Prison officials whose only roles "involve their denial of administrative grievances and their failure to remedy the alleged [unconstitutional] behavior" cannot be liable under § 1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Thus, Plaintiff cannot hold Defendant Goodman liable simply for failing to correct the alleged violations of others, at the grievance stage or otherwise. *See also Pounds v. Myers*, 76 F. App'x 630 (6th Cir. 2003) (finding a defendant "could not be held liable merely on the basis that they failed to remedy a grievance").

7

Accordingly, Plaintiff's Eighth Amendment claims against Defendant Goodman should be dismissed.

### D.     Violation of Prison Policies

Finally, Plaintiff may also be raising claims based on the violation of prison policies. (*See* Doc. 2 at 6 (citing Policy 68-MED-01 and Protocol A2.35)).  "Section 1983 does not provide a remedy for violations of state laws or regulations."  *Honzu v. Doe*, No. 2:22-CV-292, 2023 WL 3506155, at *6 (S.D. Ohio May 17, 2023), *report and recommendation adopted sub nom. Honzu v. Warden, Ross Correctional Instn.*, No. 2:22-cv-292, 2023 WL 5951768 (S.D. Ohio Sept. 13, 2023).  *See also Laney v. Farley*, 501 F.3d 577, 580 n.2 (6th Cir. 2007) (same). Thus, "Defendants' alleged failure to comply with [a state] administrative rule or policy does not itself rise to the level of a constitutional violation."  *Williams v. Burke*, No. 2:08-cv-123, 2009 WL 1788374, at *1 (W.D. Mich. June 18, 2009).  Plaintiff's allegations or suggestions that SOCF staff members failed to follow prison policies do not state a claim for relief.

## IV.    Conclusion

Accordingly, it is **RECOMMENDED** that Plaintiff's Complaint (Doc. 2) be **DISMISSED WITHOUT PREJUDICE**.  28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).  *See also Newberry v. Silverman*, 789 F.3d 636, 646 (6th Cir. 2015).

### IT IS THEREFORE RECOMMENDED THAT:

1.     The Court **DISMISS** Plaintiff's Complaint **WITHOUT PREJUDICE**.  28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).  *See also Newberry*, 789 F.3d at 646.

2.     The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would

not be taken in good faith.  *See McGore v. Wrigglesworth,* 114 F.3d 601 (6th Cir. 1997).

Date: April 22, 2026                          /s/ Kimberly A. Jolson
                                              KIMBERLY A. JOLSON
                                              UNITED STATES MAGISTRATE JUDGE

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed finding or recommendations to which objection is made, together with supporting authority for the objection(s).  A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specific proposed findings or recommendations to which objection is made.  Upon proper objection, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a forfeiture of the right to have the district judge review the Report and Recommendation *de novo* and in a forfeiture of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *Berkshire v. Dahl*, 928 F.3d 520, 530–31 (6th Cir. 2019); *see also Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).